UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL NIVARD BEATON,<br><br>                Petitioner,<br><br>         v.<br><br>PAYAN,<br><br>                Respondent. | No. 2:22-cv-0701-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding without counsel in this amended petition for writ of habeas corpus brought under 28 U.S.C. § 2241. *See* ECF Nos. 6 & 8. The court has reviewed the amended petitions and finds that they should be dismissed without further leave to amend.

United States District Courts have authority under 28 U.S.C. § 2241 to grant petitions for writ of habeas corpus to state or federal prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). The court should award the writ or issue an order to the respondent to show cause why the writ should not be granted "unless it appears from the application that the applicant or person detained is not entitled" to relief. 28 U.S.C. § 2243. If it appears that the petitioner is not entitled to relief, the court may dismiss the petition. *Ruby v. United States*, 341 F.2d 585, 586-87 (9th Cir. 1965). For the reasons that follow, the undersigned finds that petitioner is not entitled to relief and the petition must be dismissed.

Petitioner alleges that he is supposed to be paroled on June 13, 2022.  ECF No. 6 at 1; ECF No. 8 at 1.  A psychologist, however, allegedly informed petitioner that he would not be released but instead, transferred to Atascadero State Hospital.  *Id.*  The California Department of Corrections and Rehabilitation's online inmate locator shows that petitioner is currently housed at the California Medical Facility.  Article III of the U.S. Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies," which means (in part) that this court may not hear a case where the claim "rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all" – such claims are considered "unripe."  *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *Bova v. City of Medford*, 564 F.3d 1093, 1095-96 (9th Cir. 2009).  In this case, petitioner's claim is unripe because it rests upon a contingent future event and petitioner has not shown that he is currently in custody in violation of the Constitution or laws or treaties of the United States.

Accordingly, it is hereby ORDERED that the Clerk of the Court randomly assign a United States District Judge to this action.

Further, it is hereby RECOMMENDED that the petition for relief under 28 U.S.C. § 2241 be dismissed without prejudice as unripe.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  *See* Rule 11, Rules Governing Section

/////

/////

2254 Cases in the United States District Courts (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: May 24, 2022.

                                                                   /s/ Edmund F. Brennan
                                                                   EDMUND F. BRENNAN
                                                                   UNITED STATES MAGISTRATE JUDGE